**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**   )<br>      )<br>            **Plaintiff,**   )<br>      )<br>**v.**   )<br>      )   Case No. 05-20116-01-CM<br>      )<br>**TIMOTHY WALLACE,**   )<br>      )<br>            **Defendant.**   )<br>      ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Timothy Wallace's Motion to Dismiss Due to Double Jeopardy (Doc. 14). Defendant is a prisoner at the United States Penitentiary at Leavenworth. On or about March 22, 2005, prison authorities found defendant to be in possession of marijuana in violation of Bureau of Prison ("BOP") rules and regulations. On March 23, 2005, defendant was interviewed by a special agent with the Federal Bureau of Investigation and stated that the marijuana was his. The same day, the prison filed two institutional charges against defendant. Defendant has been placed in a special housing unit to await resolution of the institutional charges against him and his phone privileges have been suspended.

Defendant contends that the BOP has, in essence, already taken punitive measures against him and provided him little recourse to challenge the punitive measures. Defendant contends that, in September 2005, the warden of the prison told him that the administrative proceedings had been suspended pending the prosecution of the instant case, which is for possession of the marijuana on March 22, 2005. Defendant thus contends that the pending prosecution in this case seeks double punishment and creates impermissible double jeopardy, in light of the sanctions defendant has experienced at the prison, which defendant claims

are on-going, and because the disciplinary proceedings at the prison will resume once this prosecution is concluded.

The government contends that institutional sanctions are not part of a criminal prosecution, and that a criminal proceeding against a prisoner, following administrative punishment of a prisoner, does not constitute double jeopardy. The court agrees. The Tenth Circuit has specifically found that "[i]t is well established in this Circuit that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding, criminal in nature, violative of the double jeopardy clause." *United States v. Rising*, 867 F.2d 1255, 1259 (10th Cir. 1989) (citing *United States v. Boomer*, 571 F.2d 543 (10th Cir. 1978); *United States v. Acosta*, 495 F.2d 60 (10th Cir. 1974); *United States v. Hedges*, 458 F.2d 188 (10th Cir. 1972); and *Hutchison v. United States*, 450 F.2d 930 (10th Cir. 1971)).

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Due to Double Jeopardy (Doc. 14) is denied.

Dated this 13th day of April 2006, at Kansas City, Kansas.

 s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**